Frank D. Mylar (5116)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
office@mylarlaw.com

Attorney for Defendant Weber County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HYRUM JAMES GEDDES,<br><br>            Plaintiff,<br><br>    v.<br><br>WEBER COUNTY, and WEBER COUNTY SHERIFF'S OFFICE, et al.<br><br>            Defendants. | **ANSWER TO AMENDED COMPLAINT**<br>**(JURY TRIAL DEMANDED)**<br><br>Case No. 1:18-cv-136<br><br>District Judge Clark Waddoups<br>Magistrate Paul M. Warner |

Defendant Weber County,[1] through its attorney Frank D. Mylar, deny all allegations not expressly and unequivocally admitted. The below paragraphs correspond with the numbered or described paragraphs of Plaintiff's Amended Complaint. (Doc. No. 15):

1.  Deny.

2.  Admit that subject-matter jurisdiction is proper.

3.  Admit that venue is proper.

4.  Deny for lack of knowledge.

---

[1] Weber County Sheriff's Office is not a separate legal entity from Weber County and it cannot be sued as a separate party.

5. Admit.

6. Deny.

7. This is a legal statement that cannot be admitted or denied, however to the extent a response is required it is denied.

8. Deny.

9. Deny.

10. Deny.

11. Deny.

12. Deny for lack of knowledge.

13. Deny for lack of knowledge.

14. Deny for lack of knowledge.

15. Deny for lack of knowledge.

16. Deny for lack of knowledge.

17. Deny.

18. Deny.

19. Deny for lack of knowledge.

20. Deny for lack of knowledge but admit that anyone booked into the jail on criminal charges would have to remove their boots and other items as part of the booking process.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny for lack of knowledge at this time.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny for lack of knowledge.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Defendant repeats its previous responses.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Defendant repeats its previous responses.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny Plaintiff is entitled to any of the requested relief.

78. Admit.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted in that Plaintiff failed to allege a specific violation of a constitutional right supported by plausible allegations showing liability for any Defendant under 42 U.S.C. § 1983.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a sufficient basis for punitive damages or to allege the willful and evil motives necessary to support an award of punitive damages. In addition, Plaintiff's claims for punitive damages are unconstitutional as a violation of the Fourteenth Amendment of the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are speculative, conclusory, and not supported by sufficient factual allegations and as such should be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust all of his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, and for this reason Plaintiff's complaint must be dismissed. Specifically, the Jail has a thorough grievance policy and practice to allow inmates to assert complaints and grievances of all kinds. In addition, any claim for emotional distress must be dismissed based upon the provisions of the PLRA.

## FIFTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because a notice of claim was not timely filed within the one-year limitation period under Utah Code Ann. § 63G-7-403(2)(b) as required by *Peak Alarm Co. v. Howe*, 297 P.3d 592 (Utah 2013). Additionally, Plaintiff's claims are barred by any other applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Any and all injuries and damages Plaintiff alleges resulted from Plaintiffs' own actions or omissions, or from the acts or omissions of third parties over whom Weber County had no authority or control.

## SEVENTH AFFIRMATIVE DEFENSE

Under either Utah State law or federal common law, if liability is found against any of the Defendants, they are entitled to an offset of damages from any funds Plaintiffs receive from third parties for the same, substantially similar, related claims. Weber County is also entitled to a determination of the relative fault of its conduct's contribution to Plaintiffs' alleged injuries.

**WHEREFORE:** All of Plaintiff's claims should be dismissed and Plaintiff should be ordered to pay Defendant's attorney fees and costs as allowed by 42 U.S.C. § 1988. All claims that proceed to trial should be tried by a jury.

Dated this 25th day of February, 2019.

*/s/ Frank D. Mylar*

Frank D. Mylar
Attorney for Defendant Weber County